IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Willie James Whitt, | ) | C/A No. 3:09-3256-MJP-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Amick Farm, and Wayne Buzhardt, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, proceeding *pro se*, brought this action alleging wrongful termination. On July 21, 2010, the defendants filed a motion to dismiss pursuant to Rules 37(b)(2)(A)(v) and 41(b) of the Federal Rules of Civil Procedure. (ECF No. 31.) By order of this court filed July 22, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately.[1] (ECF No. 32.) Notwithstanding the specific warning and instructions set forth in the court's Roseboro order, the plaintiff failed to respond to the motion.

Specifically, the defendants' motion to dismiss states that the plaintiff has failed to comply with the court's July 13, 2010 Docket Text Order directing the plaintiff to respond to the defendants' discovery requests. (ECF No. 29) The plaintiff was specifically warned that failure to comply may result in sanctions, including but not limited to dismissal of his Complaint. Fed. R. Civ. P. 37(d)(3).

---

[1]The court notes that the mailing containing this order was returned as undeliverable. (See ECF No. 34.) The court further observes that the plaintiff was specifically advised of his obligation to keep the court apprised of his current address and the consequences of failing to do so. (See ECF No. 7.)



Despite these multiple warnings, the plaintiff has not responded. Therefore, the plaintiff meets all

of the criteria for dismissal under Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982).[2]

**RECOMMENDATION**

Accordingly, it is recommended that this action be dismissed with prejudice for lack of

prosecution and failure to comply with a court order. See Fed. R. Civ. P. 41(b); Davis v. Williams,

588 F.2d 69, 70 (4th Cir. 1978); Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (stating that

magistrate judge's prior explicit warning that a recommendation of dismissal would result from the

plaintiff failing to obey his order was proper grounds for the district court to dismiss the suit when

the plaintiff did not comply despite the warning), cert. denied sub nom, Ballard v. Volunteers of

America, 493 U.S. 1084 (1990). In light of the court's recommendation, the court further

recommends that any pending motions (ECF No. 31) be terminated.


_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE


September 1, 2010
Columbia, South Carolina


*The parties are referred to the Notice Page attached hereto.*

---

[2]He is personally responsible for proceeding in a dilatory fashion, the Defendants are suffering prejudice by continuing to have these claims clouding their careers and continuing to incur legal expenses, and no sanctions appear to exist other than dismissal given the previous warnings and extensions provided. Chandler Leasing Corp., 669 F.2d at 920.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).